## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
May 21 2015, 10:33 am
CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Harold E. Amstutz | Gregory F. Zoeller |
| Lafayette, Indiana | Attorney General of Indiana |
| | |
| | Robert J. Henke |
| | James D. Boyer |
| | Deputies Attorney General |
| | Indianapolis, Indiana |

# I N T H E
# COURT OF APPEALS OF INDIANA

In the Matter of the Termination of the Parent-Child Relationship of:
J.G. (minor child)
and
A.G. (mother),

*Appellant-Respondent,*

      v.

The Indiana Department of Child Services,

*Appellee-Petitioner.*

May 21, 2015

Court of Appeals Case No.
79A02-1411-JT-810

Appeal from the Tippecanoe Superior Court; The Honorable Faith Graham, Judge; The Honorable Crystal Sanders, Magistrate;
79D03-1402-JT-8

## May, Judge.

[1] A.G. (Mother) appeals the involuntary termination of her parental rights to J.G. (Child). We affirm.

## Facts and Procedural History

[2] Child was born to Mother and Je.G. (Father)[1] on November 1, 2012. On March 23, 2013, the Department of Child Services (DCS) received a report Mother and Father engaged in multiple incidents of domestic violence, which sometimes involved weapons, and Mother, Father, and Child were being evicted for that reason. On April 5, the court denied DCS's request for a program of informal adjustment and removed Child from Mother and Father's home on April 11. On April 12, on DCS's petition, the court adjudicated Child a Child in Need of Services (CHINS).

[3] On May 21, the court ordered Mother to participate in services as part of the CHINS adjudication. These services included: participate in home based case management, a mental health assessment, and domestic violence assessment and follow the recommendations of each; obtain and maintain suitable and stable housing; obtain and maintain a legal source of income; and participate in visitation. Based on non-compliance with services, DCS filed a petition for involuntary termination of parental rights on February 18, 2014. The court

---

[1] Father does not participate in this appeal.

held evidentiary hearings on April 15 and August 14, and it ordered involuntary termination of Mother and Father's parental rights to Child on October 30.

## Discussion and Decision

[4] We review termination of parental rights with great deference. *In re K.S., D.S., & B.G.*, 750 N.E.2d 832, 836 (Ind. Ct. App. 2001). We will not reweigh evidence or judge credibility of witnesses. *In re D.D.*, 804 N.E.2d 258, 265 (Ind. Ct. App. 2004), *trans. denied*. Instead, we consider only the evidence and reasonable inferences most favorable to the judgment. *Id*. In deference to the juvenile court's unique position to assess the evidence, we will set aside a judgment terminating a parent's rights only if it is clearly erroneous. *In re L.S.*, 717 N.E.2d 204, 208 (Ind. Ct. App. 1999), *reh'g denied*, *trans. denied*, *cert. denied* 534 U.S. 1161 (2002).

[5] When, as here, a judgment contains specific findings of fact and conclusions thereon, we apply a two-tiered standard of review. *Bester v. Lake Cnty. Office of Family & Children*, 839 N.E.2d 143, 147 (Ind. 2005). We determine first whether the evidence supports the findings and second whether the findings support the judgment. *Id*. "Findings are clearly erroneous only when the record contains no facts to support them either directly or by inference." *Quillen v. Quillen*, 671 N.E.2d 98, 102 (Ind. 1996). If the evidence and inferences support the juvenile court's decision, we must affirm. *In re L.S.*, 717 N.E.2d at 208.

"The traditional right of parents to establish a home and raise their children is protected by the Fourteenth Amendment of the United States Constitution." *In re M.B.*, 666 N.E.2d 73, 76 (Ind. Ct. App. 1996), *trans. denied*. A trial court must subordinate the interests of the parents to those of the child, however, when evaluating the circumstances surrounding a termination. *In re K.S.*, 750 N.E.2d at 837. The right to raise one's own child should not be terminated solely because there is a better home available for the child, *id.*, but parental rights may be terminated when a parent is unable or unwilling to meet his or her parental responsibilities. *Id.* at 836.

To terminate a parent-child relationship, the State must allege and prove:

> (A) that one (1) of the following is true:
>
>> (i) The child has been removed from the parent for at least six (6) months under a dispositional decree.
>>
>> (ii) A court has entered a finding under IC 31-34-21-5.6 that reasonable efforts for family preservation or reunification are not required, including a description of the court's finding, the date of the finding, and the manner in which the finding was made.
>>
>> (iii) The child has been removed from the parent and has been under the supervision of a county office of family and children or probation department for at least fifteen (15) months of the most recent twenty-two (22) months, beginning with the date the child is removed from the home as a result of the child being alleged to be a child in need of services or a delinquent child;
>
> (B) that one (1) of the following is true:
>
>> (i) There is a reasonable probability that the conditions that resulted in the child's removal or the reasons for placement outside the home of the parents will not be remedied.

(ii) There is a reasonable probability that the continuation of the parent-child relationship poses a threat to the well-being of the child.

(iii) The child has, on two (2) separate occasions, been adjudicated a child in need of services;

(C) that termination is in the best interests of the child; and

(D) that there is a satisfactory plan for the care and treatment of the child.

Ind. Code § 31-35-2-4(b)(2). The State must provide clear and convincing proof of these allegations. *In re G.Y.*, 904 N.E.2d 1257, 1260-61 (Ind. 2009), *reh'g denied*. If the court finds the allegations in the petition are true, it must terminate the parent-child relationship. Ind. Code § 31-35-2-8.

DCS proved by clear and convincing evidence that there was a reasonable probability the conditions resulting in Child's removal from the home would not be remedied.[2] Termination of the parent-child relationship was in the best interests of the Child.[3]

---

[2] DCS does not have to prove both a reasonable probability the conditions that resulted in Child's removal will not be remedied *and* the continuation of the parent-child relationship between Mother and Child posed a threat to the well-being of Child. The statute is written in the disjunctive, and DCS must prove either by clear and convincing evidence. Ind. Code § 31-35-2-4. Because there was a reasonable probability conditions leading to Child's removal would not be remedied, we need not address whether the continuation of the parent-child relationship posed a threat to Child's well-being.

[3] Mother disagrees with some of the Findings of Fact and Conclusions of Law, but she does not make specific arguments as to the accuracy of those findings and conclusions. Indiana Appellate Rule 46(A)(8)(a) mandates that the contentions of the appellant on the issues presented "must be supported by citations to authorities, statutes, and the Appendix or other parts of the Record on appeal relied on." Failure to make a cogent argument waives the issue for our review. *Crider v. Crider*, 15 N.E.3d 1042, 1072 (Ind. Ct. App 2014), *trans. denied*.

## *Reasonable Probability Conditions Would Not Be Remedied*

[10]   The trial court must judge a parent's fitness to care for his child at the time of the termination hearing. *In re A.B.,* 924 N.E.2d 666, 670 (Ind. Ct. App. 2010). Evidence of a parent's pattern of unwillingness or lack of commitment to address parenting issues and to cooperate with services "demonstrates the requisite reasonable probability" that the conditions will not change. *Lang v. Starke County OFC,* 861 N.E.2d 366, 372 (Ind. Ct. App. 2007). Failure to visit one's child "demonstrates a lack of commitment to complete the actions necessary to preserve the parent-child relationship." *Id.* at 372.

[11]   Child was removed from Mother's care due to domestic violence issues between Mother and Father. The trial court found:

> 15.   Mother married Father in 2012 but the two have separated on multiple occasions. Mother and Father have a volatile relationship with ongoing conflicts . . . [t]he domestic violence leading to this case is not the first incident of domestic violence. On October 16, 2012, two weeks prior to [Child's] birth, Mother threatened Father with a knife. Father left the home and returned with a gun. The parents keep guns in the home and each has threatened the other with weapons on different occasions. Mother and Father often exhibit impulsive behaviors resulting in physical altercations. Mother and Father's relationship continues to be chaotic with much uncertainty about their future.

(App. at 20.)[4] Shortly before the permanency hearing on February 11, 2014, Mother suffered a depressive episode and was hospitalized because she overdosed on her anxiety medication. When Father retrieved her from the hospital, the two fought and Mother hit Father in the face. Father called the police and Mother was placed on a 72-hour psychiatric hold.

[12] In addition, Mother has admitted to using illegal substances, though her drugs screens during the pendency of the CHINS case were negative. Mother also suffers from mental illness, which she did not address as ordered by the court. Finally, Mother does not have a stable housing or employment history. The court stated: "At the time of the termination hearing, the circumstances of the parents had not improved. The parents were in no better position to care for the child." (*Id.* at 19.) Mother's arguments to the contrary are invitations for us to reweigh the evidence, which we cannot do. *See In re D.D.*, 804 N.E.2d at 265.

### *Child's Best Interests*

[13] In determining what is in the child's best interests, the juvenile court is required to look beyond the factors identified by DCS and consider the totality of the evidence. *In re A.K.,* 924 N.E.2d 212, 223 (Ind. Ct. App. 2010), *trans. dismissed*. A parent's historical inability to provide a suitable environment along with the

---

[4] Mother did not number the pages of her appendix as required by Indiana Appellate Rule 50(c). In addition, the page numbers listed in the table of contents of her appendix are not correct. This oversight hindered our review of Mother's appeal.

parent's current inability to do so supports finding termination of parental rights is in the best interests of the child. *In re A.L.H.*, 774 N.E.2d 896, 990 (Ind. Ct. App. 2002). The recommendations of a DCS case manager and court-appointed advocate to terminate parental rights, in addition to evidence that conditions resulting in removal will not be remedied, are sufficient to show by clear and convincing evidence that termination is in the child's best interests. *In re J.S.,* 906 N.E.2d 226, 236 (Ind. Ct. App. 2009).

[14] Regarding Child's best interests, the trial court found:

> 23.     Although the parents love [Child,] neither has the ability to meet [Child's] needs. It is not safe for [Child] to be in the care of Mother or Father. Mother's history of instability, domestic violence, and mental health issues continue. . . . All imaginable services have been offered and nothing is singularly different in today's circumstances since the time of removal. To continue the parent-child relationships would be detrimental to [Child.] [Child] needs permanency now.

(App. at 21.) As noted above, Mother struggles with mental illness and does not have a stable housing or employment situation. Mother and Father have a volatile relationship, and Mother has a history of such relationships. Finally, Mother did not consistently visit Child, and those visits never progressed beyond supervised visits. Mother's arguments against the court's findings and conclusion are invitations for us to reweigh the evidence, which we cannot do. *See In re D.D.*, 804 N.E.2d 258 at 265.

# Conclusion

[15] The trial court did not err when it concluded there was a reasonable probability the conditions under which Child was removed would not be remedied and termination was in the best interests of Child. Accordingly, we affirm.

[16] Affirmed.

Robb, J., and Mathias, J., concur.